UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

WILLIAM BAKER AND ROBERT GUNDY

Plaintiffs,

Civil File No. 00-1598 JMR/FLN

vs.

INTERNATIONAL RARITIES CORP.
a/k/a INTERNATIONAL RARITY
GROUP, INC.

Defendant.

STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF
DOCUMENTS IN PRE-TRIAL DISCOVERY

WHEREAS, Plaintiffs in the above-captioned action and Defendant International Rarities Corp. (IRC), by and through their respective attorneys, seek to prevent the unauthorized disclosure of confidential, sensitive, or proprietary information or documents produced during the course of pre-trial discovery in the above-captioned action:

Now, therefore, it is hereby stipulated and agreed as follows:

1. Any and all documents produced by any party during the course of pre-trial discovery in the above-captioned action shall be deemed to constitute "Protected Material" and, therefore, subject to the provisions of this Stipulation and Protective Order. All information contained within any documents that is Protected Material shall also be deemed to constitute Protected Material and be subject to the provisions hereof. It shall not be necessary for the parties hereto to stamp, designate, or otherwise describe specific documents as Protected Material in order for the documents to constitute Protected Material and be afforded the protections set forth in this Stipulation and Protective Order.

FILED NOV 0 6 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

2. All Protected Material shall be used by the parties hereto, other than the party or parties by whom production of the particular material is first made, only for the prosecution or defense of claims made in connection with the above-captioned action. Protected Material, or any portion or recitation thereof, shall not be given or communicated to anyone, except the following persons:

(a) The parties, the parties' counsel, and counsel's staff, including but not limited to paralegal and necessary clerical staff;

(b) Experts with whom the parties or their counsel consult, whether solely for purposes of consultation or for purposes of testifying at trial; however, nothing stated herein shall override or take precedence over the normal rules of discovery with respect to experts and no document provided to an expert that would normally be discoverable shall be withheld from an opposing party solely on the basis that it constitutes Protected Material;

(c) Any person believed to be a potential witness with knowledge pertaining to the Protected Materials;

(d) The Court;

(e) Any other person entitled thereto as a matter of legal right or by reason of compulsion of legal process issued by any court of competent jurisdiction; and

(f) Other persons as designated by the Court or as agreed in writing by the parties hereto.

3. Any persons entitled to receive Protected Material by virtue of Paragraph 2(b) or 2(f) shall first be advised of the existence and content of this Stipulation and Protective Order and agree to be bound by the provisions thereof. Any person entitled to receive Protected Material

solely by virtue of Paragraph 2(c) hereof shall first be advised of the confidential nature of any Protected Material to be disclosed, and shall agree to be bound by the provisions of this Stipulation and Protective Order.

4. This Stipulation and Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the parties hereto, having received Protected Material shall distribute or communicate that Protected Material to anyone after the conclusion of the litigation. Persons entitled to receive Protected Material pursuant to Paragraphs 2 and 3 shall be advised that the Stipulation and Protective Order will remain in effect after this litigation has been concluded. Nothing in this Stipulation and Protective Order shall prohibit any party or parties who first produce Protected Material from using or distributing that Protected Material in other matters unrelated to this litigation.

5. Protected Material that is filed with the Court shall be filed under seal with a conspicuous designation that the filing contains Protected Material and is to be filed under seal. The Clerk of Court is directed to maintain all such material under seal unless and until a further, contrary order is issued by the Court.

6. Any party hereto intending to use Protected Material in connection with or during depositions or court hearings or proceedings shall take all reasonable steps to insure the continuing confidentiality of the Protected Material under the terms and conditions of this Stipulation and Protective Order. Protected Material used in depositions or court proceedings shall not lose its protected status solely through such use.

7. No party hereto shall be obligated to challenge the propriety or status of any document as Protected Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any party hereto. If any dispute as to the status of documents or information as Protected Material cannot be resolved, the party objecting to the designation thereof as Protected Material may seek appropriate relief from the Court. Until the Court enters a contrary order as to the status of any documents or information as Protected Material, the material as to which a challenge has been proffered shall be given and retain all of the protections afforded by this Stipulation and Protective Order to Protected Material.

8. Nothing contained in this Stipulation and Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client in this matter and, in the course thereof, from generally referring to or relying upon his examination of Protected Material; however, nothing in this Stipulation and Protective Order is intended to or does authorize the attorneys for the parties to this action to divulge or disclose any material or information that is subject to a claim or assertion of privilege or confidentiality belonging to a person or entity other than the party to this action represented by the attorney seeking to make the disclosure or revelation of documents or information.

9. Neither the provisions of this Stipulation and Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client or work product privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law; however, the terms and provisions of this Stipulation and Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or

other privilege or protection against disclosure in discovery. In the event any party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

10. Any party hereto may seek a modification or termination of this Stipulation and Protective Order by first attempting to obtain the consent of the other parties to the proposed modification and, absent concurrence, upon application to the court.

11. This Stipulation and Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any information or documents to which that person would not, in the absence of the entry of this Stipulation and Protective Order, be otherwise entitled under law.

DATED: October 18, 2000

**LORI PETERSON & ASSOCIATES**

By:____________________

Lori Peterson
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, Minnesota 5540[illegible]
(612) 321-0606

**ATTORNEYS FOR PLAINTIFFS
WILLIAM BAKER AND ROBERT GUNDY**

DATED: October 18, 2000

**ZELLE, HOFMANN, VOELBEL & GETTE LLP**

By: ______________________

Lawrence T. Hofmann
Terrance C. Newby
33 South Sixth Street
City Center-Suite 4400
Minneapolis, MN 55402-4430
(612) 339-2020

**ATTORNEYS FOR DEFENDANT INTERNATIONAL RARITIES CORP.**

IT IS SO ORDERED

Dated: Nov. 3 2000

______________________
Honorable Franklin Noel

227593.1

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.